BURNELL (CAMFRANQUE v.). See Case No. 2,342.

BURNES (COVINGTON v.). See Case No. 3,-291.

BURNET (EWING v.). See Case No. 4,591.

———

## Case No. 2,172.

### In re BURNETT.

[6 Chi. Leg. News, 366.]

District Court, N. D. Illinois. July, 1874.

CHATTEL MORTGAGE—HOW ACKNOWLEDGED—POSSESSION BY MORTGAGEE—EFFECT ON DEFECTIVE ACKNOWLEDGMENT.

1. A chattel mortgage by a resident of the city of Chicago may now be acknowledged before any justice of the peace for that city; it is no longer necessary that he be of the same election district with the mortgagor.

2. Possession taken by the mortgagee before the rights of any other party had attached cures any irregularity in the acknowledgment.

In bankruptcy. This was a petition by Peter L. Groot, a creditor, as holder of certain notes amounting to $3,000, and interest, secured by chattel mortgage on the property of the bankrupts, Evan Burnett & Evan Burnett, Jr., which, by consent of parties, had been sold by the assignee, and the proceeds brought into court to be distributed among creditors, according to priority. The petition prays payment in full out of the fund in court, by reason of the lien of the chattel mortgage, dated and acknowledged Dec. 11, 1872, and which had been duly recorded. The assignee objected that the chattel mortgage was void, it having been acknowledged before Justice Van't Woud, who did not reside in the same election district with the mortgagor. [Prayer of petition granted.]

The Revised Statutes of Illinois provided that no mortgage of personal property shall be valid as against the rights and interests of any third person or persons, unless possession of such personal property shall be delivered to and remain with the mortgagee, or the said mortgage be acknowledged or recorded as hereinafter provided; and "any mortgagor of personal property may acknowledge such mortgage before any justice of the peace in the justice's district in which he may reside," etc. And the new constitution of 1870 (section 28) provides that "all justices of the peace in the city of Chicago shall be appointed by the governor, * * * and for such districts as are now, or shall hereafter be, provided by law."

James Law, for petitioner.
Forrester & Beem, for assignee.

BLODGETT, District Judge. I do not think the objection well taken, for the reason that the mortgagee had taken possession before any other person had acquired any lien or vested right, and, therefore, the irregularity in acknowledging the mortgage is not material. But there is certainly room for grave doubt whether there is any such defect in the execution of this mortgage as is claimed. By the statute of this state (Rev. St. tit. "Chattel Mortgages," § 2, it is provided that chattel mortgages to be valid must be acknowledged before a justice of the peace of the district where the mortgagor resides. And the supreme court of this state held, in 26 Ill. 431, that this means the same election district. But by the new constitution of this state, and the laws in force at the time this mortgage was made, the justices of the peace of this city were appointed by the governor, and no special districts within the city are allotted or assigned any particular justice. It therefore seems to me, an acknowledgment of a chattel mortgage before any justice of the peace residing in the city, by a mortgagor residing in the city, must be held to be a substantial compliance with this law. The city is, to all intents and purposes, the district of the justice. If this were not the rule, it would be practically impossible for many persons living in the city to give a chattel mortgage on their property. It is well known that almost all the offices of the justices of the peace in this city are situated within a small radius, and near the central portion of the city, and as many of the wards and election districts in the outskirts of the city are entirely without any justice of the peace, how would it be possible for persons living there to make a chattel mortgage which could be of any value or validity? For these reasons I do not consider this objection to the mortgage well taken. And if this mortgage was properly acknowledged, or, in other words, was a valid mortgage, then the mortgagor had the right to take possession in case of default, without regard to his knowledge of the solvency or insolvency of the maker. It appearing that Groot, the petitioner, is a bona fide holder for value, the order will be, that the assignee pay his claim in full from the proceeds of the sale of the mortgaged property now in his hands.